IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, as subrogee of ELK PEAK SOLUTIONS, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>CIMARRON TANK INC., aka, CIMARRON TANK COMPANY, d/b/a PACER BY CIMARRON; a/k/a CIMARRON PACER; CIMARRON TANK COMPANY, INC., OF GUYMON,<br><br>    Defendants. | Case No.: CIV-22-176-D |

## ORDER

Before the Court is Plaintiff Great American Insurance Company's Request for an Order Entering Judgment by Default [Doc. No. 11]. Although duly served with process, Defendants have failed to appear and answer or otherwise respond.

## BACKGROUND

Plaintiff filed the present action alleging that its insured, Elk Peak Solutions, LLC, suffered damage to its business property after a Glycol Distillation Unit purchased from Defendants caught on fire. Plaintiff's claims include negligence, breach of warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Plaintiff seeks damages in the amount of $150,654.00 as the subrogee of its insured, Elk Peak. On April 12, 2022, Defendants were served with the

Summons and Complaint [Doc. Nos. 7, 8], but have neither answered nor otherwise responded to the Complaint.

On June 30, 2022, the Court Clerk entered default against Defendants for failure to plead or otherwise defend the present action [Doc. No. 10]. Pursuant to FED. R. CIV. P. 55(a) and (b)(1), Plaintiff moves for an entry of default judgment in the amount of $150,654.00, plus costs in the amount of $452.00.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Although cases should be decided on their merits whenever possible, a default judgment is a reasonable remedy when the adversary process has been halted because of an unresponsive party. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of default judgment. FED. R. CIV. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of Court to enter default. FED. R. CIV. P. 55(a). Only after the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (finding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)). Additionally, LCvR 55.1 requires an application for a

default judgment to include an affidavit in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931. Here, Defendants have failed to answer or plead, default was entered by the Clerk, and Plaintiff has submitted an affidavit [Doc. No. 9-1] that satisfies LCvR 55.1.

Although Defendants' complete failure to defend warrants the entry of a default judgment, the Court must still determine whether the uncontested facts establish a legitimate cause of action. *See Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016); *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) Accepting the well-pled allegations in the Complaint as true, the Court finds that the allegations support entry of a default judgment. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) (explaining that a defendant admits the plaintiff's well-pleaded factual allegations by his default).

The Complaint alleges that Plaintiff's insured purchased a piece of equipment from Defendants, that the equipment was being used in a normal and foreseeable manner, that the equipment was defective because it was manufactured with an unprotected electrical system, that a fire occurred while the equipment was operating, that the fire caused damage to the property, and that Plaintiff made payment to its insured to compensate it for the damage. These allegations are sufficient to establish that Defendants acted negligently and breached an implied warranty. *See Prince v. B.F. Ascher Co.*, 90 P.3d 1020, 1027 (Okla. Civ. App. 2004) (setting out elements of a negligence claim); *Collins Radio Co. of Dallas, Tex. v. Bell*, 623 P.2d 1039, 1053-54 (Okla. Civ. App. 1980) (setting out elements for breach of implied warranty of merchantability and fitness for a particular purpose).

Additionally, because the amount prayed for in the Complaint is a sum certain for the amounts paid under an insurance policy issued by Plaintiff in relation to the loss described in the Complaint plus calculable costs, judgment may be entered on the claims without the need for a hearing on damages. *See Craighead*, 176 F. App'x at 925. Accordingly, the Court finds default judgment is appropriate under the circumstances.

## CONCLUSION

Plaintiff's Request for an Order Entering Judgment by Default [Doc. No. 11] is **GRANTED**. Plaintiff is entitled to judgment in the amount of $150,654.00. Plaintiff is further entitled to costs as may be determined on separate motion. A Default Judgment shall be issued accordingly.

**IT IS SO ORDERED** this 19th day of August, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge